JACOB LAWSON, Plaintiff, v. TERMINAL WAREHOUSE COMPANY, Respondent.

THE CENTRAL NATIONAL BANK, Appellant.

*Interpleader — action brought against a warehouse company — different claims to warehoused goods.*

An interpleader is not to be granted, on the application of a warehouse company in an action brought against it to recover the possession of goods claimed by it to be held as bailee, subject to a lien for storage, when it appears that the defendant does not propose to deliver the entire property to the party sought to be interpleaded as the holder of the warehouse receipt (which covers the goods sued for, together with many others), and the defendant's lien for storage is disputed by such party, and it appears that the defendant does not stand indifferent between the parties, because of the claims of various parties arising out of the manner in which it has dealt with the goods and its manner of issuing warehouse receipts.

APPEAL by the Central National Bank from an order of the Supreme Court, made at the New York Special Term at Chambers and entered in the office of the clerk of the city and county of New York on the 3d day of April, 1893, substituting the appellant, as defendant, in the place and stead of the Terminal Warehouse Company.

*A. P. Whitehead,* for the appellant.

*J. M. Bowers,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover possession of five bales or packages of burlaps, which the defendant, the Terminal Warehouse Company, claimed to hold as a bailee in its warehouse in the city of New York, upon the ground that the defendant wrongfully withheld and detained said burlaps from the plaintiff.

The defendant thereupon made an application for an order of interpleader, alleging that the same property was claimed by the Central National Bank, and that the same was received and stored by the firm of Lipman & Co., to whom the defendant had issued its warehouse receipts and that said receipts were now held by the

Central National Bank, and that the defendant had no interest in the property except that of a bailee and warehouseman and for its fees for storage of the same, and that it could not safely determine to which of said claimants the property should be delivered, and was ready and willing to deliver the same as the court might direct, upon payment of its fees for storage, and upon being discharged from further liability; that the storage fees amounted to twenty-two dollars and fifty cents, and that there was no collusion between the defendant and the plaintiff or the Central National Bank.

The Central National Bank, in answer to this application, alleged that it held a warehouse receipt issued by the above-named defendant to it, which specified, among many others, the bales of burlaps mentioned in the complaint, and that these burlaps were a part of a large number which were in dispute between the bank and various persons, each of whom claims less than the entire number claimed by the bank. The affidavit then further states the controversy which had arisen in regard to the title to these burlaps and asserts a claim upon the part of the bank, that if the course of business of the defendant should be subject to the criticism made upon it by the plaintiff, it would claim a liability against the defendant, the Terminal Warehouse Company, to make good any loss which might be suffered by the bank. It also alleges a claim for the conversion of these bales by the defendant, and a forfeiture of all right to storage.

The court granted the motion for the interpleader, and from the order thereupon entered, this appeal is taken.

We do not see how, under the circumstances disclosed by the papers upon which this order was granted, the defendant had a right to the relief which it obtained upon the motion. The defendant does not propose to deliver the entire property to the person directed by the court. It claims its lien for storage, which is denied by the party sought to be made defendant.

It further appears that the defendant does not stand indifferent between the parties, because the claims of the various parties arise apparently out of the manner in which the Terminal Warehouse Company has dealt with the property in question, and its manner of issuing its warehouse receipts. It is apparent for these reasons that no substitution could be made.

The order should be reversed, with ten dollars costs and disbursements, and the order for interpleader denied, with ten dollars costs.

FOLLETT and PARKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the order for interpleader denied, with ten dollars costs.